**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )   Case No. 4:16CR00093 ERW |
| | ) |
| JESSIE HAMPTON and | ) |
| MALCOLM JOHNSON, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM & ORDER**

This matter comes before the Court on the Government's Motion in Limine to Admit

Intrinsic Evidence and Other Crimes, Wrongs, or Acts of Defendant [ECF No. 72].

**I.       BACKGROUND**

On March 2, 2016, Defendants Jessie Hampton and Malcolm Johnson ("Defendants")

were indicted on four counts: (1) conspiracy to distribute cocaine, (2) possessing a firearm in

furtherance of a drug trafficking crime, resulting in murder, (3) conspiracy to obstruct commerce

by robbery, and (4) possessing a firearm in furtherance of a crime of violence, resulting in murder.

Defendant Jessie Hampton ("Hampton") was also indicted on a fifth count for felon in possession

of a firearm. This case arises out of an incident which occurred on July 14, 2012. The Government

alleges the facts are as follows.

Scipio Vaughn, Aaron Crump and Jason Crabtree lived in Illinois and sold drugs. Vaughn

and Crabtree sold cocaine while Crump sold marijuana. Vaughn and Crabtree were looking for a

new source of cocaine and Crump asked his marijuana source, Kevin Granderson, if he knew of

1

anyone that could supply cocaine. Granderson and Crump arranged for Granderson's "people" to sell Vaughn and Crabtree 20-27 grams of cocaine for approximately $1,000-$1,100 per gram.

On July 14, 2012, Vaughn, Crump, and Crabtree drove to a McDonald's located in downtown St. Louis. Granderson arrived at the McDonald's with Hampton, Defendant Malcolm Johnson ("Johnson") and Damien Colbert. Both vehicles traveled to an apartment complex, where Crump and Granderson exited their vehicles to discuss the deal. No deal was made and the vehicles left the scene. Another phone call took place between the two vehicles and a decision was made to proceed with the transaction. Granderson's car, with Hampton, Johnson and Colbert, led Crump's car, with Vaughn and Crabtree, to a secluded area.

When they arrived, Granderson and Crump met in the middle of the street. Hampton also exited the vehicle, approached Vaugh in the driver's seat of the other vehicle, and ordered him out of the vehicle at gun point. Vaughn attempted to run and was shot twice in the back by Hampton. At the same time, Colbert exited the vehicle and entered the rear passenger seat of the other vehicle behind Crabtree, who was in the front passenger seat, and put a gun to his head demanding money. Granderson ordered Crump not to move. Johnson, the driver who was still in the vehicle, pointed a gun at Crump through the car window and told him not to get up.

After shooting Vaughn, Hampton went through his pockets. Colbert took $3,500 from Crabtree's pockets and ordered him to run, which he did. Colbert went through the car and trunk and removed various items including money to be used for the drug transaction. Hampton, Granderson and Colbert returned to their vehicle and left the scene. After Crabtree contacted police, Vaughn was transported to the hospital where he was pronounced dead.

2

The Government now seeks to elicit evidence at trial of six prior crimes, wrongs, or acts by Defendants, including: (1) the conduct leading to the arrest of Defendants for theft on March 15, 2009; (2) the conduct leading to the arrest of Hampton for robbery on January 20, 2010; (3) Defendants' possession of drugs and guns on February 12, 2010; (4) Defendants' murder of Ralph Hill on July 12, 2010; (5) Johnson's 2010 conviction for drugs and guns; and (6) Hampton's 2013 conviction for drugs and a gun. The Court will make a careful inquiry and analysis of the purpose for which the evidence is offered.

## II.     STANDARD

Federal Rule of Evidence ("FRE") 404(b)(1) prohibits evidence of a crime, wrong or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This evidence may be introduced if used for another purpose such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) applies only to "extrinsic, not intrinsic, evidence." *United States v. Payne-Owens*, 845 F.3d 868, 872 (8th Cir. 2017) (citing *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014). Evidence is intrinsic when "it is offered to contribute to the narrative of the story and provide context for the charged crime." *Id.*

When a party has a proper purpose for introduction of this evidence, it may be admitted if it is "(1) relevant to a material issue; (2) similar in kind and not overly removed in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir. 2016). Any evidence admissible under Rule 404(b) is still subject to Rule 403 which permits a court to exclude evidence "if its probative

value is substantially outweighed by danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## III.   ANALYSIS

The Court will make a careful inquiry and analysis of the purpose for which the evidence is offered. The Court will first examine why the Government seeks to admit each of the listed crimes, wrongs or other acts to determine if there is a non-propensity purpose for the evidence and if the Government has articulated the relationship between the prior bad act and a material issue in this case. Then the Court will consider whether other requirements for admissibility are satisfied including if the prior bad act is supported by sufficient evidence, similar in kind and close in time to the crimes charged. Finally, the Court will conclude whether the prior bad act is higher in probative value than it is in prejudicial effect or if the prejudicial effect substantially outweights the probative value.

### A.   Defendants' Conduct leading to Arrest on March 15, 2009

The Government seeks to introduce evidence, on March 15, 2009, Defendants broke into a car in the City of St. Louis and stole items from the vehicle. A witness will testify who is able to identify Defendants as the perpetrators.

The stated purposes for which the evidence is offered is to show a close relationship existed between Defendants prior to the offenses of the indictment to prove the conspiracy charges, and to show they were long-standing acquaintances working together to accomplish objectives. The Government believes all facts and circumstances of the prior conduct are material in proving the conspiracy theories alleged in Counts I and II. This is a non-propensity purpose. *See United States v. Scholle*, 553 F.2d 1109, 1121 (8th Cir. 1977) (Evidence of a defendant's prior criminal acts

admissible to illustrate the nature of a relationship); *United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 94 (1st Cir. 2014) (Evidence of prior crimes is admissible to help the jury understand the basis for the co-conspirators' relationship of mutual trust.); *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015) (Evidence of prior crime admissible because it shows how the conspiracy and relationship developed). This prior conduct also shows motive, intent, and knowledge, which if allowed into evidence, will be material to issues in Counts I, II, and III. The United States has satisfied its burden in showing existence of non-propensity purposes for this evidence. The Government articulates a relationship between the prior conduct on March 15, 2009, and the charged offenses in Counts I, II, and III. This act is close in time to the crimes of the indictment, which all occurred on July 14, 2012, similar in kind, and is supported by sufficient evidence. The Court concludes the acts leading to Defendants' arrest are higher in probative value than their prejudicial effect. The Court will admit this evidence.

   B.  *Hampton's Conduct leading to Arrest on January 20, 2010*

   The Government seeks to introduce evidence, on January 20, 2010, Hampton committed a robbery. A witness will testify Hampton, along with others, forced him out of his car with guns and struck him on the back of his head.

   The Government seeks admission of the facts and circumstances of this robbery to show modus operandi, identity, and intent in subsequent robberies. There is an articulated relationship between the facts and circumstances of this prior crime and material issues in Court III of the pending indictment. Upon consideration of the facts of this case, the elements of proof required and the circumstances of the prior crime, the Court concludes a non-propensity purpose exists for the admission of the conduct of the prior robbery. The Court finds relevance between the prior

robbery and the Hobbs Act robbery charged, they are similar in kind and conduct, and the prior

robbery is supported by sufficient evidence to permit admission of facts of the prior robbery. This

robbery is also close in time to the charged crimes on July 14, 2012. Finally, the Court finds the

probative value of this evidence outweighs any prejudicial effect. Accordingly, the request for

admission of evidence of the robbery on January 20, 2010, will be granted.

      C.    *Defendants' Conduct on February 12, 2010*

      The Government seeks to introduce evidence, on February 12, 2010, police officers were

trying to arrest Hampton for the robbery which occurred on January 20, 2010, when Hampton fled

from police. He was eventually caught in an abandoned building with heroin and a gun. Johnson

was also found in the building with a stolen firearm. Hampton was convicted of unlawful use of a

weapon and possession of a controlled substance in Cause No. 1022-CR00698-01. Johnson was

convicted of unlawful possession of a firearm in Cause NO. 1022-CR00696-01. The Government

plans to call as a witness the police officer who found Johnson and Hampton together and the

certified convictions.

      The non-propensity purpose articulated by the Government is these convictions show

Defendants had a close relationship prior to the offenses charged, Defendants possessed drugs and

guns in the February 12, 2010, offenses, and Defendants fled from police who were investigating

and attempting to arrest Hampton for the January 20, 2010, offense. These facts are relevant to

prove material issues in all counts of the pending indictment. The Government articulates a

relationship between the underlying facts of these convictions and the material issues in all

pending charges. The Court finds this evidence is relevant to motive, opportunity, intent and

knowledge. Upon consideration of the facts of this case, the elements of proof required, and the

circumstances of the prior crime, the Court concludes a non-propensity purpose exists for admission of this evidence. The facts of the prior crime are relevant to the offenses charged in Counts I through V, are supported by sufficient evidence, and are similar in kind to all five counts. February 12, 2010, is a date close in time to March 14, 2012, the date of the charged offenses. The Court finds admission of this evidence is higher in probative value than prejudicial effect. The Court will allow this evidence to be admitted under Rule 404(b).

D.      *Defendants' Conduct on July 12, 2010*

The Government seeks to introduce evidence Defendants were involved in an altercation with Ralph Hill at the Bottoms Up club on July 12, 2010. After leaving the club, Defendants followed Mr. Hill to his residence and shot and killed him on the street. The Government will introduce evidence of a surveillance video from the club showing Defendants were at the club together. Additionally, a witness will testify he witnessed an altercation between Hampton and Mr. Hill at the club during which Mr. Hill slapped Hampton, and he was with Mr. Hill when Hampton shot and killed Mr. Hill. Finally, another witness will testify he was present and saw Defendants shoot and kill Mr. Hill.

The Government seeks admission of this evidence to show Defendants had a close relationship prior the charged offenses and is relevant to prove they conspired in the present case to distribute drugs and rob the victims of their money with the use of firearms which resulted in a murder. The Government has identified a permissible non-propensity purpose for admission of evidence of the prior murder and has articulated the relationship between the prior crime and a material issue in this case. The Court finds this evidence is relevant to show motive, opportunity, intent, preparation and knowledge. The prior murder is relevant, supported by sufficient evidence

and is similar in kind to the offense charged in Counts II, III, and IV of the indictment. Finally, the Court finds the prejudicial effect of allowing evidence of the murder of Ralph Hill so far outweighs the probative value of its admission, it cannot be admitted. This request will be denied.

E.    *Johnson's 2010 Conviction*

The Government seeks to introduce evidence Johnson possessed a firearm, marijuana, and cocaine in a vehicle on July 21, 2010. In *United States v. Malcolm Johnson*, 4:13CR00046 CEJ Johnson pled guilty to Counts I and II of the indictment arising out of the conduct on July 21, 2010, which included possession with intent to distribute heroin and possession with intent to distribute marijuana. The Government will introduce the certified documents of his conviction and a redacted version of the plea agreement to establish he was in possession of a firearm in connection with drug trafficking.

The Government argues introduction of this conviction is material to establish intent as it relates to Counts I and II. Further, the Government asserts the conviction is also material to issues in Counts III and IV, because the certified documents will show Johnson possessed a firearm during the commission of the drug offense. The Government has articulated the relationship between the prior conviction and material issues in the present case. The Court finds this evidence is relevant to showing motive, opportunity, intent, preparation and knowledge. *See United States v. Cole*, 537 F.3d 923, 928 ("We have frequently upheld admission of prior drug convictions for the purpose of proving intent and knowledge where the defendant denied the charged drug offense."). Upon consideration of the facts of this case, the elements of proof required, and the circumstances of the prior crime, the Court concludes non-propensity purposes exist for admission of this evidence. The facts of the prior crime is relevant to the offenses charged, supported by sufficient

evidence, and is similar in kind to Counts I through IV. The date of the crime and conviction is also close in time to the date of the charged offenses. The Court finds admission of Johnson's convictions is higher in probative value than it is in prejudicial effect. This evidence will be admissible pursuant to Rule 404(b).

F.      *Hampton's 2013 Conviction*

Finally, the Government seeks to introduce evidence Hampton possessed a firearm and cocaine in a vehicle on June 25, 2013. In *United States v. Jessie Hampton*, 4:13CR309 SNLJ, Hampton pled guilty to Counts I, III, and V of the indictment arising out of the conduct on June 25, 2014, which included felon in possession of a firearm, possession with intent to distribute a quantity of cocaine base and possession of a firearm in furtherance of the drug trafficking crimes. The Government will introduce the certified documents of his conviction.

The Government argues the non-propensity purpose for this evidence is to prove Hampton's opportunity to possess a firearm and the absence of mistake or accident in commission of the underlying offenses. The Government also asserts his prior firearm conviction is relevant to his familiarity with and knowledge he possessed a firearm in the instant offense. The Government articulates a relationship between the prior conviction and the material issues in all counts of the current indictment. These purposes are relevant to proving the material issues Hampton possessed knowledge and intent to commit drug and firearm crimes in this case. Upon consideration of the facts of this case, the elements of proof required, and the circumstances of the prior crime, the Court concludes non-propensity purposes are shown for admission of this evidence. The facts of the prior crimes are relevant to the offenses charged, are supported by sufficient evidence, and are similar in kind to the charged crimes. The Court finds admission of Hampton's prior conviction is

higher in probative value than it is in prejudicial effect. The Court will allow this evidence to be admitted under Rule 404(b).

**IT IS HEREBY ORDERED** that United States of America's Motion in Limine to Admit Intrinsic Evidence and Other Crimes, Wrongs, or Acts of Defendant [ECF No. 72] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 4th day of August, 2017.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

10